## JEFFERSON BANK v. MERCHANTS REFRIGERATING COMPANY, Appellant.

### Division Two, July 8, 1911.

1. **JUDGES AS JURY COMMISSIONERS: Increase of Salary.** The statute (Sec. 7319, R. S. 1909) which constitutes the judges of the circuit court of Jackson county and the judge of the court having jurisdiction in felony cases a board of jury commissioners, is not subject to attack on the ground that it increases the salary of said judges during the terms for which they were elected, in a civil suit in which a motion to quash the panel of jurors is filed. Whether such judges receive an increase of salary contrary to the Constitution, by rendering services as jury commissioners, does not affect the validity of their acts as such commissioners.

2. ————: ————: **Validity of Acts Not Dependent on Salary.** When the law requires specific service to be performed by a public officer, he must perform that service regardless of whether any provision has been made to pay him therefor. Even though that part of the statute which gives to each of those judges a special salary of $1500 per year in payment of their services as jury commissioners is invalid, they would still be required to perform said services, without compensation, and their acts in drawing and selecting jurors could not be challenged in a suit on a check.

3. **DEPOSITION: Read By Adversary.** Plaintiff has the right to read a deposition taken by defendant, and, in the argument of his counsel to the jury, they have the right to refer to the fact that it was taken by defendant, and to make a truthful recital of the testimony therein.

4. **INSTRUCTIONS: When Not Considered.** When upon the admissions of the parties and the undisputed facts proven, the plaintiff was entitled to an instruction directing the jury to return a verdict in his favor, errors in the instructions will not be considered on defendant's appeal.

5. **CHECK: Purchaser or Indorsee for Collection.** Where the evidence is undisputed that the bank permitted the payee of a check drawn by defendant to deposit the same and to draw out the whole amount thus deposited on the same day the deposit was made, the defendant is not entitled to have the issue of whether or not the check was indorsed to the bank for collection submitted to the jury, for these facts constituted the bank a purchaser of the check for value. And the fact that the payee was a purchaser is further established by the fact that every business day for nearly three weeks the payee had deposited checks in said bank and on the same day the deposits were made was permitted to check out the amounts so deposited.

6. ———: ———: **Printed Notice: Waiver.** And where such a course of dealing has been established by the undisputed facts, it will be held that the bank waived an indorsement printed on the cover of the deposit book of the payee of the check to the effect that the bank only received out-of-town checks subject to collection.

7. ———: ———: **Consideration: General Indorsement: Notice.** A general indorsement on a check constitutes the bank with which it is deposited by the payee a purchaser, for value, without notice that it was issued without consideration.

8. ———: ———: **Letter to Drawee.** The fact that the plaintiff bank in which the payee deposited a check wrote a letter to the bank on which the check was drawn stating that it inclosed the check for collection, is no probative evidence that the plaintiff received and held such check for collection. The same kind of a letter would have been written if plaintiff had been the owner of the check.

9. ———: ———: **Demand of Payment.** A bank which has paid a check is entitled to demand payment from both the maker and indorser or payee; and a demand of payment from the payee is not evidence that the bank was not the owner of the check.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

AFFIRMED.

*Clement A. Lawler* for appellant.

(1) The court erred in overruling defendant's motion to quash the jury panel. The law under which said panel was drawn is unconstitutional in that it violates Sec. 8 of Art. 14, of the Constitution of Missouri. State ex rel. v. Smith, 87 Mo. 158; County v. Henderson, 119 Mo. 32; Stanbury's Case, 8 Wall. (U. S.) 33; Heslep v. Sacramento, 2 Cal. 580; Stockton v. County, 11 Cal. 113; State v. Brewer, 49 Ala. 130; Throop on Public Officers, sec. 478; Evans v. Trenson, 24 N. J. L. 764. (2) The court erred in refusing to discharge the jury as requested by defendant and again in refusing to strike out the deposition of Kroeger and continue the cause as requested by defendant. The remarks of plaintiff's counsel in reference to said deposition were improper and prejudicial. Chowning v. Parker, 104 Mo. App. 674; Gibson v. Zeibig, 24 Mo. App. 65; Levels v. Railroad, 196 Mo. 606; Williams v. Railroad, 123 Mo. 573; State ex rel. v. Claudius, 1 Mo. App. 551; 1 Thompson on Trials, secs. 955, 958, 960; Berry v. State, 10 Ga. 511; Marble v. Walters, 19 Mo. App. 134; Haynes v. Trenton, 108 Mo. 123.

*Leon Block* and *Block & Sullivan* for respondent.

(1) The law under which the jury was drawn and impaneled is constituitonal. State ex rel. v. Dillon, 90 Mo. 229; State ex rel. v. Bus, 135 Mo. 325; State ex rel. v. Rombauer, 101 Mo. 499; Cunningham v. Railroad, 165 Mo. 270. The only ground upon which the constitutionality of this statute is attacked here is that said statute is contrary to the provisions of Sec. 8 of Art. 14, of the Constitution, reading: "The compensation or fees of no state, county or municipal officer shall be increased during his term of office." A circuit judge is not a state officer. His is an office under the state or under the authority of the state. State ex rel. v. Rombauer, 101 Mo. 499. A state officer

is one whose duties are co-extensive with the boundaries of the State. Ibid; State ex rel. v. Dillion, 90 Mo. 229; State ex rel. v. Bus, 135 Mo. 325. A circuit judge is not a county officer because his duties extend over an entire circuit which frequently embraces several counties. Of course, a circuit judge is not a municipal officer. State ex rel. v. Bus, 135 Mo. 325. Hence being neither a state, county nor municipal officer, Sec. 8 of Art. 14, relied upon by appellant, does not apply. This compensation is for extra services; hence the law is constitutional. Cunningham v. Railroad, 165 Mo. 270. Duties which are not judicial may be performed by a judicial officer. State ex rel. v. Higgins, 125 Mo. 364. The payment or non-payment of this additional compensation to the judge is no concern to the litigant; that is a matter between the judge and the state or the county. Cunningham v. Railroad, 165 Mo. 270; State ex rel. v. Wilder, 105 S. W. 272. Furthermore, even though that provision of the statute providing for the additional compensation be unconstitutional, that would not render the other provisions of the statute appointing the judges jury commissioners and providing the method for drawing and impaneling the jury unconstitutional. A part of a statute may be unconstitutional without rendering the whole statute void. Shively v. Lankford, 174 Mo. 535; Birch v. Plattsburg, 180 Mo. 413; State v. Swagerty, 203 Mo. 518; State v. Bockstruck, 136 Mo. 336. (2) Even if the check had been endorsed "for collection" yet the bank having in pursuance of the prearranged mode of dealing placed the amount thereof to the credit of the Produce Co., and the latter having drawn against the same as cash, this made the bank a purchaser of the title for value, even though the bank had the right, upon non-payment of the check, to charge it back to the Produce Co. Ayres v. Bank, 79 Mo. 421; Dymock v. Bank, 67 Mo. App. 97; Kavanaugh v. Bank, 59 Mo. App. 540; Bank v. Roll, 60 Mo.

App. 585; Flannery v. Coates, 80 Mo. 444; Armstrong v. Bank, 133 U. S. 433. (3) Even though some slight error crept into the instruction, yet under the pleadings, admissions of counsel and uncontradicted evidence, the court would have been justified in peremptorily instructing the jury to find for the plaintiff. Ayres v. Bank, 79 Mo. 421; Dymock v. Bank, 67 Mo. App. 97; Kavanaugh v. Bank, 59 Mo. App. 540; Bank v. Roll, 60 Mo. App. 585; Hendley v. Refinery Co., 106 Mo. App. 20; Bank v. Bennett, 114 Mo. App. 691; Bank v. Hainline, 67 Mo. App. 483; Mosby v. Comm. Co., 91 Mo. App. 500; Brewery v. Lindsay, 72 Mo. App. 591; Hawes v. Mulholland, 78 Mo. App. 493; Wolff v. Campbell, 110 Mo. 114. (4) The court did not err in refusing to strike out the deposition of Kroeger and continue the cause as requested by defendant. The remarks of plaintiff's counsel referring to said deposition were in no way prejudicial. State v. Emory, 79 Mo. 461; Vawter v. Hultz, 112 Mo. 633; State v. Punshon, 133 Mo. 44; Franklin v. Railroad, 188 Mo. 534.

BROWN, J.—Action against drawer of dishonored bank check. From a judgment for plaintiff, defendant appeals.

On July 15, 1904, plaintiff was a banking corporation in the city of St. Louis, Missouri; defendant was a business corporation of Kansas City, Missouri; and a third corporation, the Mound City Produce Company, was a business corporation of St. Louis, Missouri.

On the last mentioned date, defendant issued and mailed to the Mound City Produce Company a negotiable bank check for the sum of $1491.25, payable by the National Bank of Commerce, Kansas City, Missouri. This check was received by the Produce Company on July 16, 1904. July 17th fell on Sunday; and on July 18, 1904, said Produce Company transferred this check, by unrestricted indorsement, to the

plaintiff, and deposited same in the plaintiff bank, together with other checks and items, amounting to more than $10,000. On the same day, said Produce Company drew its checks on the plaintiff bank to an amount exceeding all of its deposits, including the check above mentioned; which checks were on that day honored and paid by the plaintiff bank. The check so issued by defendant was forwarded by plaintiff to Kansas City on said 18th day of July, 1904; but on July 19, 1904, and before said check could be presented for payment by the agent of the plaintiff bank, defendant directed the National Bank of Commerce to refuse payment on the same; which was accordingly done, and the check protested for non-payment.

Whereupon, plaintiff sued defendant for the amount of the check, alleging that it became the purchaser thereof for value.

Defendant resisted payment of the check on the following grounds:

(1). That is was never at any time indebted to the Mound City Produce Company in any sum whatever; and that the issuance and delivery of said check to said Produce Company was a mere oversight or mistake of the defendant, and therefore the check was issued without consideration.

(2). That plaintiff is not the purchaser of said check for value.

(3). That plaintiff is not the real party in interest in this cause.

(4). That said check was only indorsed to plaintiff for collection; that the real title to said check was retained by the Produce Company.

Defendant asks a reversal of the judgment for the reason that the trial court committed error in refusing to quash the panel of the petit jury which tried this cause, on the ground that the law which makes the judges of the circuit court of Jackson County, jury

commissioners, is in violation of section 8, article 14, of the Constitution of Missouri.

Defendant also complains that the trial court committed reversible error in allowing plaintiff to read in its behalf a deposition taken by defendant; and to refer to said deposition as the evidence of one of defendant's witnesses.

Defendant further complains of the instructions given on behalf of plaintiff, and the refusal of the court to give certain instructions asked by defendant; but the conclusions we have reached in this cause will render it unnecessary to consider whether or not these instructions were in proper form.

The only evidence in any way tending to support defendant's answer was a printed indorsement on the cover of the deposit book of the Produce Company, containing these words: "This bank in receiving out of town checks and other collections, acts only as your agent; and does not assume any responsibility beyond due diligence on its part, the same as on its own paper. Jefferson Bank;" together with a letter written by plaintiff bank, transmitting the check to the National Bank of Commerce, of Kansas City, which is in the following words:

"National Bank of Commerce,
    Kansas City, Missouri.
"Dear Sirs:
    "I enclose for collection and return items stated below.

                    "Yours respectfully,
                        "W. E. Berger, Cashier."

Defendant neither proved nor offered to prove that plaintiff bank had any notice that the check had been issued by mistake or without consideration before it received said check and allowed the Produce Company to collect the amount thereof through checks issued on the plaintiff bank.

I.   The Act of 1905 (Sec. 7319, R. S. 1909) which constitutes the judges of the circuit court of Jackson county and the judge of the court in that county having jurisdiction in felony cases, a board of jury commissioners, is not subject to attack on the grounds assigned by the defendant, to-wit: that it increases the salary of said judges during the terms for which they were elected.

This law casts upon such judges the duty of selecting and drawing juries to try cases pending before them and provides a special salary for such services.   Whether such judges receive an increase of salary contrary to section 8 of article 14 of our Constitution, for services rendered as such board of jury commissioners, does not in the least affect the validity of their acts as such jury comissioners.   When the law requires a specific service to be performed by a public officer, he must perform that service regardless of whether any provision has been made to pay him for same.   [Williams v. Chariton County, 85 Mo. 645; State ex rel. v. Wofford, 116 Mo. 220; State ex rel. v. Brown, 146 Mo. 401.]

The compensation of judges of trial courts is regulated by statute, and if that part of section 7319, Revised Statutes 1909, which gives to such judges a special salary of $1500 each per year for acting as jury commissioners is invalid, then said section stands as though said judges had been required to perform those duties without compensation; and their acts in drawing and selecting jurors could not be challenged. Their right to collect such special salary is not before us, and we express no opinion on that point.

II.   The contention of defendant that the trial court erred in allowing plaintiff to read the deposition of a witness taken on the part of defendant, and in allowing plaintiff's attorney to refer to said deposition as having been taken by defendant, must be overruled.   Plaintiff had the right to read said deposition.

[McClintock v. Curd, 32 Mo. 411; Watson v. Race, 46 Mo. App. 546.]   The mere reading of the deposition itself disclosed the fact that it was taken on behalf of the defendant.   The remark of plaintiff's attorney was merely a truthful recital, or description of the document he was about to read, and affords no ground of complaint on the part of defendant.

III.   We find it unnecessary to discuss the instructions given in this case, because on the admissions of the parties and the undisputed facts as proven, the plaintiff was entitled to an instruction directing the jury to return a verdict in its favor.

We are not able to see how defendant could be entitled to submit to the jury the issue of whether or not the check was indorsed to the plaintiff for collection; because the evidence is uncontroverted that plaintiff allowed the Produce Company to draw out the whole amount of the check so deposited, on the very day of said deposit; and this constituted the plaintiff a purchaser of said check for value.   This conclusion is also sustained by the course of dealing between plaintiff and the Produce Company, from which it appears that on every business day between the 1st and 18th of July, 1904, the said Produce Company deposited checks in the plaintiff bank, and was allowed by plaintiff to check out the amounts so deposited on the very days the deposits were made.   In view of this course of dealing, we are warranted in holding that the indorsement printed on the cover of the deposit book of the Produce Company, to the effect that plaintiff only received out-of-town checks subject to collection, had been waived by plaintiff bank; a right it unquestionably had.   The question of whether or not a check is received for collection or is purchased outright by a banker usually arises where the indorsements on the check are of a restrictive nature; such, for instance, as where the indorsement shows that it

is merely made for the purpose of collection. However, in this case the indorsement was general, and upon the uncontroverted facts proven, constituted the plaintiff a purchaser for value without notice that the check was issued without consideration. [5 Cyc. 498; Ayres v. Farmers and Merchants Bank, 79 Mo. 421; Kavanaugh v. Bank, 59 Mo. App. 540.]

We do not consider the fact that plaintiff wrote a letter to the Kansas City Bank stating that it inclosed this check for collection as any evidence that it held such check only for collection. The same kind of letter would have been written if plaintiff had been the owner of the check; so that letter has no probative effect as indicating that the plaintiff was the mere agent of the Produce Company for collection of the check. Neither is the fact that the plaintiff demanded of the Produce Company that it pay the check, any evidence that plaintiff was not the owner thereof. Plaintiff had a right to hold both the maker of the check and the indorser thereof for the amount it had paid.

There was no reversible error committed in the trial; the judgment is for the right party; and it is therefore affirmed. *Kennish, P. J.,* concurs; *Ferriss, J.,* absent.