BANK OF GULFPORT v. SMITH.

[95 South. 785.  No. 23163.]

1. BILLS AND NOTES. *Check negotiable instrument.*
   Under section 2763, Hemingway's Code, a check is a negotiable instrument.

2. BILLS AND NOTES. *"Holder for value" defined.*
   Under section 2604, Hemingway's Code, the holder for value is one who has given value for the instrument.

3. BILLS AND NOTES. *Bank not "holder for value" of check indorsed in blank and deposited for collection.*
   Where a check payable to one or order is indorsed in blank and deposited in a bank for collection, the bank thereby does not become a "holder for value" of the check.

4. BILLS AND NOTES. *Bank paying a depositor full amount of check on same day presented becomes "holder for value."*

Where the bank on the same day on presentation of a check of the depositor pays to the depositor in full the amount deposited for collection, the bank thereby becomes a holder for value of the check.

5. BILLS AND NOTES. *Rights of bank and methods of procedure upon presentation by depositor of check against conditional credit stated; "holder for value."*

Upon the presentation by a depositor of a check against such conditional credit, the bank may do any one of a number of things: (1) It may refuse to pay the check until collection of the deposit. (2) Cash the check solely upon the individual credit of the depositor. (3) Waive the condition of the deposit, make the conditional credit absolute, and pay the depositor's check upon the credit of the check deposited by him but not collected. In which latter event there is an acceptance of the depositor's offer, which creates a new contract superseding the previous conditional-credit contract. Or (4) the bank may combine the last two courses and pay the depositor's check on the combined credit of the depositor and of the deposited check. This also is equivalent to an acceptance of the depositor's offer to supersede the contract for conditional credit, and the bank thereby becomes the owner or holder for value of the check.

APPEAL from circuit court of Pearl River county.

HON. C. V. HATHORN, Special Judge.

Suit by the Bank of Gulfport against Fred W. Smith. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Stevens & Heidelberg,* for appellant.

There are several propositions of law applicable to the facts of this case which cannot be controverted. The first is that a check such as the one in question in this case payable to the order of any person, is a negotiable instrument. It is made so by the Negotiable Instrument Statute of Mississippi.

The next proposition which cannot be controverted is that if the plaintiff was a holder in due course for value

of the check in question, then it was entitled to recover thereon regardless of any defense which the maker might have had as against the original payee. This is also made the law of Mississippi by the Uniform Negotiable Instruments Act.

The real issue submitted to the jury for its determination of this case, as will be found by the court on an examination of both the given and refused instructions shown in the record, was for the jury to determine whether or not the deposit slip introduced in evidence constituted the plaintiff as a matter of law the agent of the W. H. Daniel Auto Company in collecting the check. The first instruction given to the jury for the defendant told the jury that if the plaintiff "received the check introduced in evidence as the agent of the W. H. Daniel Auto Company for collection, then the bank is not a holder in due course." The second instruction given the defendant told the jury exactly the same thing except in a slightly different language. The gist of this instruction was that if the plaintiff received the check in question "on a condition and for the purpose of collection, then you are further instructed that the bank is not a holder in due course."

An examination of the instructions asked by the appellant in the court below will disclose that the lower court held that even though the appellant received the check without any notice of any infirmity therein and immediately paid out the money thereon, in other words, parted with value, still this would not constitute the bank a holder in due course if the jury believed that the language used on the deposit slip constituted the bank the agent of the W. H. Daniel Auto Company. This proposition was put directly up to the lower court in the first refused instruction asked by the appellant. This instruction told the jury that if they believed from the evidence "that at the time the W. H. Daniel Auto Company deposited the check in question with the plaintiff it was permitted by the plaintiff to withdraw the amount thereof from its deposit, then you must find for the plaintiff regardless of how the de-

posit slip might have read and regardless of any defense the defendant might have had as against the W. H. Daniel Auto Company." This instruction was refused by the court, though we submit that it clearly announced the law applicable to the facts of this case.

In the second instruction asked by the plaintiff which was refused by the court, substantially the same proposition was set forth. This instruction told the jury that if they believed from the evidence that the defendant "executed the check in question and delivered it to the W. H. Daniel Auto Company and the W. H. Daniel Auto Company deposited the same with the plaintiff and that he executed the check in question and delivered it to the W. H. Daniel Auto Company with the amount of the check and permitted it to withdraw the amount thereof, then that the plaintiff was an innocent purchaser for value."

The third refused instruction for the plaintiff also told the jury that if the plaintiff without notice of any infirmity in the check permitted the W. H. Daniel Auto Company to deposit it to its checking account and on the same day to withdraw from said account the full amount thereof, then the jury must find for the plaintiff, regardless of how the deposit slip might have read and regardless of whether thereafter it might have charged the amount of said check back to the account of W. H. Daniel Auto Company.

The proposition of law involved in this appeal is so simple that we shall not indulge in a lengthy brief. We submit that the uncontradicted facts of this case disclose that the appellant was an innocent purchaser of a negotiable instrument for value and without notice, and, therefore, was entitled to recover. In the Law of Bank Checks, by Johns Edson Brady, on page 89 thereof, it is stated that where a check is deposited by a customer with the bank and the bank allows the depositor to draw against the deposit, it pays value and is a holder in due course of the check deposited. In support of this text, the author cites the following cases: *Symonds* v. *Riley*, 188 Mass. 470, 74

N. E. 926; *Jefferson Bank* v. *Merchants' Refrigerating Company,* 139 S. W. 545; *National Bank of Phoenixville* v. *Bonsor,* Pa. Sup. Ct. 275; *Bank of Saluda* v. *Feaster* (S. C.), 68 S. E. 1045. It seems to us that this statement of law cannot be denied.

It is a rare case which comes before this court for decision in which there can be found another case where the facts are almost identical. Sometimes this happens but as above stated it is rare. Fortunately for the appellant in this case, the supreme court of the state of Missouri has decided every principle of law involved on this appeal in a case where the facts were almost identical with the facts of this case, and every proposition was decided by the supreme court of Missouri in favor of appellant's contentions here. We refer to the case of *Jefferson Bank* v. *Merchants' Refrigerating Company,* reported on page 545 of Volume 139 of the Southwestern Reporter.

The court held in this case that when the bank permitted the depositor to withdraw the full amount of the deposit the very day it was made, it simply waived the provision that it accepted out of town checks only for collection and said with reference to its waiver that it was "a right it unquestionably had."

There can be no question but that the handling of the check involved in this case, its deposit by the Daniel Auto Company on May 28th, and on the same date the withdrawal by the Daniel Auto Company of more than the amount of this deposit, constituted a waiver on the part of the Bank of Gulfport of its right to insist on handling the check only as a collection item.

We submit further that the first special plea filed by the defendant was based solely and alone on the language used in the deposit slip. This plea did not even allege that the defendant had any defense even as against the payee of the check. It simply charged that the plaintiff couldn't recover because the deposit slip in question constituted the plaintiff the agent of the W. H. Daniel Auto Company. Demurrer was presented to this plea, but it was overruled

by the court, and the whole record in the case discloses that the lower court was proceeding upon the idea that if this deposit slip did create an agency, then the plaintiff could not recover. .

In conclusion we submit that there was and is but one judgment which could be properly rendered in this case and that is a judgment for the plaintiff for the full amount sued for, and we, therefore, respectfully submit that the judgment of the lower court should be reversed and a judgment rendered here in favor of the plaintiff for the full amount sued for. .

:*Wm. A. Shipman,* for appellee.

I agree with counsel for appellant that a check such as the one involved in this lawsuit is a negotiable instrument. I further submit that it was a negotiable instrument before the passage of the Uniform Negotiable Instrument Act of 1916. I, further, take no issue with counsel for the appellant on the proposition that if the plaintiff was a holder in due course for value of the check, then it will be entitled to judgment against the defendant, and this regardless of any defense which may have been open to him as against the payee. This is in accord with the law merchant, and is incorporated in the Uniform Negotiable Instruments Act.

The real issue, as I view it, is, whether or not the plaintiff-appellant was a holder in due course, etc., of said paper. Appellant's counsel argue very speciously, but not altogether convincingly, that it was such a holder. We deny this. Upon this allegation by plaintiff and its denial by the defendants was the issue made for the finding of fact by the jury. The jury, as a matter of fact and in truth, found adversely to the contention of the appellant; the court evidently took the view that it was not his province to invade the functions of the jury and, very properly I think, overruled appellant's motion for a new trial, filed the same day the case was tried.

We submit that in the light of the testimony the first instruction asked by the defendant and given by the court, is eminently correct and proper. It does not require even an ordinary lawyer to understand that, if the plaintiff was the mere agent of the payee named in the check, then it could not be a holder in due course, much less such distinguished and accomplished counsel as they who represent the appellant here. The second instruction as counsel say, is like unto the first; That if the jury believe from the evidence that the check was delivered to the bank on a condition—the condition set out in the deposit slip—and for the purpose of collection, then the jury is instructed that the bank was not a holder in due course. Counsel seem not to find any fault with the third and last instruction asked and given for the defendant—the nine-juror verdict.

Counsel for appellant, further complains at the action of the court in refusing certain instructions asked by it, but we submit that, looking to the evidence, such instructions would have been improper and in conflict with those given the defendant, and therefore confusing to the minds of the jury. If, however, the court erred in refusing any one of these instructions, we submit that it was harmless error, and is more than atoned for, in the giving by the court of the instruction asked and given the plaintiff, as the same appear at pages 68-69 of the record. By the first of these instructions the jury are told what constitutes a holder in due course; that is one to whom a negotiable instrument, such as the check introduced herein, has been delivered and accepted for value, without notice of any defenses which may be interposed by the maker or drawer, and that he becomes the owner as aforesaid, without notice and for value, before the instrument was due; that he took it in good faith for value, and without any notice of any infirmity or defect in the title of the person from whom he obtained it; that it is not sufficient to constitute the defendant in this case a holder in due course, by showing that it received the said check and placed the amount rep-

resented therein to the credit of its customer. The latter clause of this instruction is manifestly wrong; if the word plaintiff is substituted for the word defendant, then it makes sense but not as it appears in the record. (Rec., p. 68.) This instruction fails to tell the jury one very important feature necessary to constitute a holder in due course; that is, that the holder became such before it was overdue, and without notice that it had been previously dishonored, if such was the fact. The evidence is undisputed that the check was presented for payment on the 24th day of May, 1921, and was dishonored, the deposit slip shows it was deposited in the Bank of Gulfport on the 28th day of the same month, under an express stipulation that the bank was acting merely as the agent of the depositor. The evidence on the part of the plaintiff shows that the check was sent to the bank on which it was drawn twice, the first time with directions not to protest, but along in July, it was sent again with orders to protest if not paid. The jury were well warranted, under the evidence, in concluding that the date of May 24, was the date of dishonor, and that the plaintiff sent it then, and had notice of the dishonor.

The second instruction given for the plaintiff, is, I submit, very much more favorable to it than the evidence and the law warrant.

The third instruction given the plaintiff is sufficient to cure any error that could have been committed by the court, had it refused all the other instructions asked and given or refused. It tells the jury, in effect: That if the bank of Gulfport acquired the check in question without any notice of infirmity therein, it is entitled to recover, under the law. This instruction could be proper only in a case where there is no evidence that it had received no such notice, and where there was a passing of title in and to the instrument; while here we have evidence that the jury might well feel warranted in believing that the plaintiff, on the 28th day of May, 1921, had notice that for some reason the check had been "turned down" and in addition,

there was the deposit slip that absolutely fixed the relation of principal and agent between the plaintiff and its depositor. The stipulation in the deposit slip was as much a part of the contract as if it had been copied *verbatim* on the back of the instrument and above the indorsement of the depositor. But if the instructions discussed above herein were favorable to the plaintiff beyond a point which it had a right under the law and the evidence to expect and insist upon, then what may be said of the fourth given for the plaintiff? By this instruction the jury are told that if they believe from the evidence that the plaintiff paid W. H. Daniel Auto Company the full amount of the check, then it is their duty to find for the plaintiff, regardless of every other fact in the case. And this, whether the plaintiff was a holder without notice of any defect or infirmity in the title of the Auto Company. Surely a man could not ask and a trial court could not give an instruction more favorable to the party asking it than this.

The first refused instruction for the plaintiff was properly refused, as I shall endeavor herein to demonstrate by citation of authority. The second refused instruction asked by the plaintiff was also very properly refused, as we shall see further along herein.

The third refused instruction asked by the plaintiff is the first refused one, couched in somewhat different language, but inoculated with the same virus. And it therefore follows that, if the first was properly refused the third was also.

Counsel cites Brady on Bank Checks, 89, as authority for the proposition that where a check is deposited by a customer and the bank permits the depositor to draw against the deposit, it thereby pays value and is a holder in due course. Counsel also cites, as being on all-fours with the case at bar, the decision of The Missouri supreme court in *Jefferson Bank* v. *Merchants Refrigerator Co.*, 139 S. W. 545. That there is a difference and a distinction to be drawn between the case at bar and the authorities cited in the brief of counsel for appellant will be made appar-

ent in the further discussion of the authorities and the evidence herein.

The case cited by counsel for appellant, and so much relied on by them as controlling in this appeal, *Jefferson Bank* v. *Merchants Refrigerator Co.* (Mo.), 139 S. W. 545, is not in accord with the weight of authority, as I shall presently endeavor to show. It nowhere in that case is made to appear that the bank ever had an opportunity of protecting itself by charging back the amount of the check to the depositor; that there was ever a time when the depositor had sufficient funds to its credit with the bank to cover the amount of the check. The case of *Old National Bank* v. *Gibson* (Wash.), 179 Pac. 117, decided by a divided court, five to four, is a much stronger case for the appellant than the Jefferson Bank case, but the decision in that case is hinged upon the fact that the depositor never at any time after the deposit had any funds to his credit with the bank. Here is what the court says: "A conditional credit for such deposit was given the depositor White, who, on the same day, checked out his entire balance in the appellant bank, including the conditional credit derived through the deposit of the Gibson check, and has since made no further deposits," etc.

It was, therefore, held by a majority of the court that in this state of the case the bank should be held a holder in due course, but the four justices through one of their number filed a very strong dissenting opinion.

Was the Bank of Gulfport a holder in due course of the check? This is the only issue to be decided by this court. If it was, then, of course, the case must be reversed and such directions given as that justice shall be done. If it was not such a holder in due course, then, just as certain must the case be affirmed. I submit that under the facts and the law applicable in the case, that is, under the great weight of authority as applied to the facts, the bank was not such a holder in due course.

The Uniform Negotiable Instruments Act makes a distinction between a holder for value and a holder in due

course; the first is defined in section 2769, Hemingway's Code; a holder for value is one described in section 2603, of Hemingway's Code, but it is a holder in due course as defined by section 2630 of Hemingway's Code, Laws 1916, chapter 244, that we are here dealing with, and which alone concerns us.

A holder in due course is a holder who takes the instrument under the following conditions: 1. That it is complete and regular on its face; 2. That he became the holder of it before it was overdue—and without notice that it had been previously dishonored, if such was the fact; 3. That he took it for value and in good faith; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

"Under this section it is not sufficient to constitute a bank a holder in due course that it has discounted the paper and placed the proceeds to the credit of its customers." *Albany County Bank* v. *Peoples Ice Co.,* 92 App. Div. (N. Y.) 47; *Consolidation Natl. Bank* v. *Kirkland,* 99 Ib. 121; *Merchants Bank* v. *Santa Bara Sugar Co.,* 162 Ib. 249; *Miller* v. *Morton,* 114 Va. 610; *City Deposit Bank* v. *Green,* 130 Iowa, 384; *McKnight* v. *Parson,* 22 L. R. A. (N. S.) 718, 125 Am. St. R. 265, 136 Am. St. R. 390; *Tatum* v. *Commercial Bank,* 185 Ala. 294; *Elgin City Banking Co.* v. *Hall,* 119 Tenn. 549; and many other cases. *Citizens State Bank* v. *Cowles,* 180 N. Y. 346; "Or where the paper is received for collection," *Bank of America* v. *Waydell,* 187 N. Y. 115; "And where the avails of a discounted check are applied to an existing debt, the bank must show that there was an agreement that they should be in payment and extinguishment thereof." *Consolidation Bank* v. *Kirkland,* 99 App. Div. (N. Y.) 121.

The indorsement of the check by the W. H. Daniel Auto Company was a restrictive indorsement. In the case of *Bank of America* v. *Waydell,* cited above, the New York court says: "When an indorsement in blank is accompanied by a letter stating that the draft is for 'collection and

credit,' the indorsement and the letter must be read to-gether, and the effect is to make the indorsement restric-tive, and the same in character as if the contents of the letter had been incorporated in the indorsement." *Bank of America* v. *Waydell,* 187 N. Y. 115, 79 N. E. 857.

Now a restrictive indorsement confers upon the indorsee the right: 1. To receive payment of the instrument; 2. To bring any action thereon that the indorser could bring; 3. To transfer his rights as indorsee, where the form of the indorsement authorizes him to do so. Section 2615, Hemingway's Code. But the indorsement of a negotiable instrument by the payee for collection is not strictly a con-tract of indorsement, but rather the creation of a power, the indorsee being the mere agent of the indorser to re-ceive and enforce payment for his use. The title to the paper and the proceeds thereof remain in the payee, and he may maintain suitable actions to enforce his rights. This doctrine is declared in the following cases: *White* v. *National Bank,* 102 U. S. 50, 13 Sup. Ct. 533, 37 L. Ed. 363; *Sweeney* v. *Easter,* 68 U. S. (1 Wall.) 166, 17 L. Ed. 681; *Williams* v. *Jones,* 77 Ala. 294, 17 So. 728, 54 Am. St. R. 59; *Cent. Railroad* v. *First Nat. Bank,* 73 Ga. 383; *White* v. *Bank, supra; Leary* v. *Blanchard, supra; Howe* v. *Taylor,* 9 Or. 288; *Smith* v. *Bayer,* 46 Or. 143, 79 Pac. 497, 114 Am. St. R. 858; *Moore* v. *La. Nat. Bank,* 44 La. Ann. 99, 32 Am. St. R. 332; *Nat. Bank* v. *Hubbell,* 117 N. Y. 384, 15 Am. St. R. 515; *Freeman's Nat. Bank* v. *Nat. Tube Co.,* 151 Mass. 413, 21 A. S. R. 461; *Sutton* v. *Beck-with,* 68 Mich. 303, 13 A. S. R. 344; *Todd* v. *State Bank,* — Iowa, —, 165 N. W. 593, 3 A. L. R. 971; *U. S. Nat. Bank* v. *Greer,* 55 Neb. 462, 41 L. R. A. 444, 70 A. S. R. 390.

The mere crediting by a bank to a depositor's account the proceeds of a note will not constitute the bank a holder in due course, when after non-payment, there is an amount to the credit of the depositor's account sufficient to pay the note. See *Marion Nat. Bank* v. *Harden,* — W. Va. —, 97 S. E. 600, 6 A. L. R. 240; also, 1 Dan. Neg. Ins. (6th Ed.), secs. 908, et seq.; Joyce Def. To Com. Paper, sec.

243; *Union Nat. Bank* v. *Winder,* 101 Minn. 470, 118 A. S. R. 641; *Mfgrs Nat. Bank* v. *Newell,* 71 Wis. 309; *State* 1. Emery (Okla.), 6 A. L. R. 243.

So, it follows the courts are practically unanimous in holding that the title to paper that is deposited for the purpose of collection does not pass to the bank. See the following authorities: *Robinson* v. *Louisville Bankg. Co.* (U. S.), 36 C. C. A. 307; *Richardson* v. *Continental Bank,* 94 Fed. 450; *Clark Sparks Sons Co.* v. *American Nat. Bank* (U. S.) 230 Fed. 738; *Morris* v. *Ala. Carbon Co.,* 139 Ala. 620, 36 So. 764; *Sou. Bank & T. Co.* v. *Tellers,* 18 Ga. App. 599, 89 S. E. 1094; *Garrison* v. *Union Trust Co.,* 139 Mich. 392, 70 L. R. A. 615; *Midland Nat. Bank* v. *Brightwell,* 148 Mo. 358, 71 A. S. R. 608; *Yerkes* v. *National Bank,* 169 N. Y. 382; *Natl. Citizens Bank* v. *Citizens Natl. Bank,* 119 N. C. 307; *Jones* v. *Kilbreth,* 49 Ohio St. 401, 31 N. E. 346; *Hobart Nat. Bank* v. *Fordtran,* —— Tex. App. ——, 122 S. W. 413; *Morris-Miller Co.* v. *Pressentin,* 63 Wash. 74, 114 Pac. 912.

Nor is it necessary in order to reserve title in the depositor, expressly to indorse "for collection" on the paper. The title to paper does not pass to a bank to which it is delivered for collection, although indorsed in blank by unrestricted indorsement, is held to be the rule in many jurisdictions among and from which I cite the following cases: *Richardson* v. *N. O. Coffee Co.,* 102 Fed. 785; *Claflin* v. *Wilson,* 51 Iowa, 15, 50 N. W. 578; *Prescott* v. *Leonard,* 32 Kans. 142, 4 Pac. 172; *In Re State Bank,* 56 Minn. 119, 45 A. S. R. 454; *Stark* v. *United States Nat. Bank* (N. Y.), 51 Hun. 506; *Hackett* v. *Reynold,* 114 Pa. 328, 6 Atl. 689; *Blairne* v. *Bourne,* 11 R. I. 119, 23 Ar. 426; *Morris & Miller Co.* v. *Prescott,* 114 Pac. 912.

It is settled by the decisions of a number of the highest courts of appeal that the giving of credit by the bank to the depositors is not inconsistent with ownership remaining in him; in other words, where the paper is deposited for collection—using the term "for collection" in its legal sense—title remains in the depositor, even though the face

value of the check is entered as a credit to the depositor. *Richardson* v. *Louisville Banking Co.*, 94 Fed. 442; *Richardson* v. *Coml Nat. Bank*, 94 Fed. 450; *Jefferson County Sav. Bank.* v. *Hendrix*, 147 Ala. 670, 39 So. 295; *Rivers National Bank* · v. *Lermann*, 63 So. 776; *Rapp* v. *Natl. Secur. Co.*, 136 Pa. 426, 20 Atl. 508; *Helsinger* v. *Trickett*, 86 Ohio St. 286, 99 N. E. 305; *Winchester Mills Co.* v. *Bank of Win*, 12 Tenn. 225.

That title remains in the depositor is especially true if the credit is entered subject to payment or where the credit may be charged off in case of dishonor, is held by many courts in addition to those given in the next above citation, from which is selected the following: *Fifth Nat. Bank* v. *Armstrong*, 40 Fed. 46; *First Nat. Bank* v. *Armstrong*, 42 Fed. 193; *Union Safe Dep. Bank* v. *Strauch* (Pa.), 20 Super Ct. 196; *Givan* v. *Bank of Alexandria*, — Tenn. —, 47 L. R. A. 270; *Pinkney* v. *Kanawaha Valley Bank*, 68 W. Va. 254, 23 L. R. A. (N. S.) 987; *Merchants Natl. Bank* v. *Townsend*, — Tex. Civ. App. —, 147 S. W. 617.

I. submit, therefore, with all confidence that under the facts, as found by the jury, and the law, especially the great weight of authority, that the case was properly tried and decided in the court below, and that the authorities answer the question: Was the bank a holder of the check in due course? In the negative.

SYKES, P. J., delivered the opinion of the court.

Suit was brought by the appellant, Bank of Gulfport, against the appellee, Smith, upon a check signed by appellee drawn on the Bank of Commerce of Poplarville, Miss., for two hundred fifty dollars payable to the order of the W. H. Daniel Auto Company, and indorsed in blank by this company. The declaration alleges that the bank became the owner of the check for a valuable consideration without notice of any defenses thereto. The pleas of the defendant, Smith, set up a failure of consideration and deny that the bank is a holder or owner of the check for valuable consideration and without notice of this infirmity.

The question was submitted to the jury and verdict rendered in favor of the defendant, Smith, and judgment entered thereon.   From which judgment this appeal is here prosecuted.

The testimony for the plaintiff (appellant) is to the effect that this check was indorsed by the auto company and along with another check presented to the bank for deposit.   This deposit slip is as follows:

"Items not payable in Gulfport are taken at depositor's risk and credited, subject to actual final payment.   This bank as agent for depositor will forward such items, either direct to drawee, or another bank in the same city, or indirectly through correspondents in other cities.

"Please List Each Check Separately.

|                                              | Dollars. | Cents. |
|----------------------------------------------|----------|--------|
| Currency .................................... |          |        |
| Silver ....................................... |          |        |
| Gold ......................................... |          |        |
| Poplarville . ................................ | 250      | 00     |
| ............................................... | 230      | 00     |
| "Ex. C," W. W. Newsom.                       |          |        |
| Total ....................................... | 480      | 00"    |

At the time these two deposits were made, the auto company had practically no money on deposit in the bank. That same day the bank permitted the company to withdraw the entire amount of these two deposits from the bank.   There was no agreement entered into between the bank and the auto company either at the time of these deposits nor at the time of their withdrawal the same day.

The check was dishonored by the defendant.   The plaintiff bank had no notice or knowledge of any infirmity or defect in the check.   There was no testimony to show that the bank received the check for collection as the agent of the auto company except the deposit slip above quoted.

The court gave the following two instructions at the request of the defendant:

"The court instructs the jury for the defendant that if you believe from the evidence that the plaintiff, Bank of

Gulfport, received the check introduced in evidence, as the agent of the W. H. Daniel Auto Company, for collection, then the said bank is not a holder in due course, and cannot recover in this case.

"The court further instructs the jury for the defendant that if you believe from the evidence that the check introduced in evidence was delivered to the Bank of Gulfport, on a condition, and for the purpose of collection, then you are further instructed that the said bank is not a holder in due course, and you will find for the defendant."

For the plaintiff the court refused to instruct the jury as follows:

"The court instructs the jury for the plaintiff that if you believe from the evidence that at the time the W. H. Daniel Auto Company deposited the check in question with the plaintiff, it was permitted by the plaintiff to withdraw the amount thereof from its deposit, then you must find for the plaintiff, regardless of how the deposit slip might have read, and regardless of any defense the defendant might have had as against the W. H. Daniel Auto Company.

"The court instructs the jury for the plaintiff that if you believe from the evidence that the defendant, Smith, executed the check in question and delivered it to the W. H. Daniel Auto Company, and the W. H. Daniel Auto Company deposited the same with the plaintiff, and that the plaintiff thereupon credited the account of the W. H. Daniel Auto Company with the amount of the check and permitted it to withdraw the amount thereof, then the plaintiff was an innocent purchaser for value and in this case would be entitled to recover the full amount sued for, even though the defendant had not authorized the W. H. Daniel Auto Company to use said check.

"The court instructs the jury for the plaintiff that if you believe from the evidence that the plaintiff, without notice of any infirmity in said check, permitted the W. H. Daniel Auto Company to deposit it to its checking account, and on the same day to withdraw from said account; the full

amount thereof, then you must find for the plaintiff, regardless of how the deposit slip might have read, and regardless of whether thereafter it might have charged the amount of said check back to the account of the said W. H. Daniel Auto Company."

A check is, of course, a negotiable instrument, made so by section 2763, Hemingway's Code.

Under the Negotiable Instrument Act, section 2604, Hemingway's Code, the holder for value is one who has given value for the instrument.

.. In this case under the deposit slip the bank originally received the check for collection under the terms as therein stated. By the issuance of this slip it did not become a holder for value. Subsequent thereto that same day, however, it permitted this exact amount to be withdrawn by the auto company. By this act it waived the right to hold the check only for collection and became a holder for value of the check. A case practically identical with this is that of *Jefferson Bank* v. *Merchants' Refrigerating Co.*, 236 Mo. 407, 139 S. W. 545. In that case the deposit was entered on the deposit book of the depositor, which book contained this provision:

"This bank in receiving out of town checks and other collections, acts only as your agent."

The court in responding to this question said:

"We are not able to see how defendant could be entitled to submit to the jury the issue of whether or not the check was indorsed to the plaintiff for collection, because the evidence is uncontroverted that plaintiff allowed the produce company to draw out the whole amount of the check so deposited, on the very day of said deposit; and this constituted the plaintiff a purchaser of said check for value."

In the case of *National Bank* v. *Gibson*, 105 Wash. 578, 179 Pac. 117, 6 A. L. R. 247, a deposit was originally made for collection, and upon the same day the bank allowed the depositor to withdraw the amount of the check. The

issues in that case were identical with these. The court thus disposes of this question:

"After the deposit of a check and the giving to the depositor of conditional credit therefor, the depositor, by presenting his own check for the amount of his balance, including such conditional credit, thus established beyond argument his desire and request that the theretofore existing condition in the credit be waived or modified. Upon the presentation by a depositor of a check against such conditional credit, the bank may do any one of a number of things: (1) It may refuse to pay the depositor's check until assured that the conditional credit shown in the account of the depositor has become absolute by the payment of the deposited check at the bank on which it is drawn. Such a course would be a refusal to waive or contract away the previously agreed upon condition involved in the depositor's credit. (2) The bank may cash the depositor's check solely upon his individual credit, looking to him solely to pay the overdraft if one shall result, which would constitute a new contract independent of and distinct from the previous conditional-credit contract, and the bank could sue its depositor thereon. (3) The bank might, under the situation which we are now considering, waive the condition created for its own protection, make the conditional credit absolute, and pay the depositor's check upon the credit of the check theretofore deposited by him, but not yet collected. This would constitute an acceptance of the depositor's offer made by presenting his check, and would create a new contract wholly superseding the previous conditional-credit contract. (4) Or the bank may, without inconsistency, combine the last two courses suggested, and pay the depositor's check on the combined credit of the depositor and of the deposited check; just as in making a loan to a customer upon a note secured by collateral, the bank would grant the credit upon the combined worth of the borrower and of the collateral pledged. This also would be an acceptance of the depositor's offer to supersede the contract for conditional credit."

This is a clear and correct enunciation of the true rule.

It will be noted by consideration of the very exhaustive note to this case that this is in accord with the overwhelming weight of authority.

From these views it follows that the court erred in giving the two instructions above quoted for the defendant and in refusing those requested by the plaintiff.

*Reversed and remanded.*