Journal Square National Bank of Jersey City

vs. } Law No. 78220.

Old Colony Co-Operative Bank, Harold O. Clarke and C. F. Harris.

DECISION.

November 8, 1929.

WALSH, J. Jury trial waived.

This is an action by plaintiff bank on two checks for $1400 and $800 respectively, against the drawee (Old Colony Co-Operative Bank) and the payee endorser (Harold O. Clarke). Harris, the second endorser, has entered no appearance. The checks were drawn by the Old Colony upon the Industrial Trust Company in favor of Clarke. Clarke endorsed them to Harris and Harris deposited them with plaintiff bank in New Jersey in Harris' checking account. Harris had opened this checking account with the

plaintiff bank about five weeks before the deposit of the checks involved in this suit and never had a balance in excess of $500 at any time prior to the deposit of the checks in question. The evidence shows that it required four days from the time of deposit in New Jersey to get a report on the checks from the Providence bank. Within these four days, Harris drew out an amount of $2195 on these checks. On the fourth day after the bank had paid to Harris $2195 on these checks, plaintiff bank was notified that Old Colony had stopped payment on the checks at the request of Clarke, who claimed to have been defrauded by Harris. Harris had departed without leaving any trace of his whereabouts.

The bank claims it was a bona fide holder for value without notice and is, therefore, entitled to recover the amount paid on these checks. The defendants contend that the bank received this deposit as an agent for collection only; that it paid out money on them without waiting for the Providence report as to the validity of the checks, hence paid the money at their own risk; that the "stop payment" was communicated within the usual time to the plaintiff bank; that the plaintiff bank cannot recover as against the equities of Clarke.

The deposit slip is in evidence and contains the usual provision as to the collection of "foreign paper" by the bank, namely, that the bank in such case acts as agent for the depositor and reserves its right to reimburse itself in the event of non-collection, etc. In this connection, plaintiff bank contends that the present checks were "cashiers' checks" or "bank checks" and that such checks are always honored and their worth is never questioned, and it is usual to allow withdrawals on such checks without waiting for formal notice from the correspondent bank.

Has the plaintiff bank proved that it acquired title to these checks as a holder in due course? (Gen. Laws 1923, Chap. 227, sec. 65 [3070].)

Clarke endorsed these checks to C. F. Harris and started them out into the world trade; they were "bank" or "cashiers'" checks and, even to a person unacquainted with business usages, a "bank" or "cashiers'" check is almost as good as currency and the bankers themselves so regard them. When the plaintiff bank under these circumstances paid out $2195 on these two checks without any notice of any defect of the title of Harris in them or of Clarke's equities as against Harris, the bank became a holder in due course, despite the stipulation on the deposit slip that they received said checks as agent for depositor.

*Shawmut National Bank* vs. *Manson*, 168 Mass. 425-47 N. E. 196 (1897).

*Jefferson Bank* vs. *Merchants' Refrigerating Co.*, 236 Mo. 407-139 S. W. 545 (1911).

Clarke's story as to his relations with Harris is not impressive, particularly as to the item of $200 which he claims Harris was to retain out of the checks and which Harris was to invest for him (Clarke) in some speculative enterprise.

The plaintiff bank is entitled to decision for $2195 paid out on these checks to Harris, $4.16 protest fees and interest at 6% from March 12, 1928, to November 4, 1929, $216.65, a total of $2415.81.

Decision for plaintiff for $2415.81.

For plaintiff: Edwards & Angell.

For defendants: George Hurley.