LOVE, SUPERINTENDENT OF BANKS, et al. v. KRAFT-PHENIX CHEESE CORPORATION.

(Division A. Feb. 8, 1932.)

[139 So. 393. No. 29693.]

Flowers, Brown & Hester, of Jackson, for appellant.

Alexander & Alexander, of Jackson, for appellees.

466.

Argued orally by **Clyde Hester**, for appellant, and by **Julian Alexander**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

· On May 16, 1930 the Citizens' Bank of Newton was declared insolvent by the state banking department, and its affairs were being liquidated by a proceeding in the court below under section 3817, Code 1930. The appellee filed a petition praying that the appellant be decreed to hold the sum of two thousand nine hundred twenty-four dollars and eighteen cents of the money received by him as a part of the assets of the bank in trust for it, and that it be given a preference to that extent over the bank's creditors. The decree was in accordance with this prayer. It appears from the agreed statement of facts that on May 13, 1930, the Kraft-Phenix Cheese Corporation drew a draft on itself for the sum of four thousand five hundred seventeen dollars and forty cents, payable to its own order at its office in Chicago, Illinois, wrote its name on the back thereof, and mailed it to the Citizens' Bank of Newton. It received from the bank an acknowledgment of the receipt of the draft reading as follows:

"We have received your favor with inclosures and credit subject to final payment as follows.

"Credit to your account    4517.40.

"Entered for collection.

## "PLEASE TAKE NOTICE.

"In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited and subject to final payment in cash or solvent credits."

This draft was credited by the bank to the appellee, was forwarded by it for collection through its ordinary channels therefor, and was collected by an Illinois bank after the Citizens' Bank of Newton was declared insolvent and its affairs taken over by the state banking department. The appellee was not indebted to the Newton Bank at the time this deposit was made; but between that time and the date on which the bank's affairs were taken over by the state banking department, the bank cashed checks of the appellee on it to the amount of one thousand five hundred ninety-three dollars and twenty-two cents, it (the appellee), as we understand the agreed statement of facts, then having no credit on the books of the bank except that for the aforesaid draft.

The question presented for decision is: Did the money collected by the Newton Bank on the draft deposited with it by the appellee become a part of its assets? Or, to state the question differently, when that draft was collected, was the relation between the bank and the appellee, with reference to the draft, that of debtor and creditor, or of principal and agent?

When the bank received the draft and issued its deposit slip therefor, setting forth that it accepted it for collection only and would act "only as depositor's collecting agent," the relation between it and the appellee became

that of principal and agent, and not that of debtor and creditor. Bank of Gulfport v. Smith, 132 Miss. 63, 95 So. 785. If this relation continued in force until the bank was declared insolvent and was taken over by the state banking department, the proceeds of the draft, which was thereafter collected, did not, because of the bank's then insolvency, become a part of its assets except to the extent of the money previously advanced by the bank thereon. There was no agreement changing this relation to that of debtor and creditor, unless such an agreement can be implied from the advancement made to the appellee by the bank after the draft was deposited.

When commercial paper is deposited with a bank for collection only, and thereafter the bank cashes checks drawn against the paper deposited before it has been collected, the bank thereby acquires either (a) the ownership of the paper deposited, or (b) a lien thereon for the amount advanced the depositor. While there are authorities to the contrary, the first of these results is not, but the second is, in accord with the law of agency, under which an agent in possession, by virtue of his agency, of property belonging to his principal who advances money to his principal for purposes connected with the agency, acquires, not the ownership of the property, but a lien thereon. But aside from this, "It is a well-established general rule that a bank receiving paper for collection has a lien thereon for a debt of the depositor of such paper to the bank, and is entitled to retain such paper as security for the debt, in the absence of contract express or implied, to the contrary." 6 Michie on Banks and Banking, p. 25, section 19. This question was not decided in the case of the Bank of Gulfport v. Smith, supra. What the court there decided was that a bank with which commercial paper has been deposited for collection, and which thereafter advances money to the depositor on the faith of the deposit, before notice of infirmities in the paper, becomes the holder of the paper in due

course for value. This would be true, as pointed out by the Washington case there cited, Old National Bank v. Gibson, 105 Wash. 578, 179 P. 117, 6 A. L. R. 247, and relied on, whether the bank became the owner of the paper, or merely acquired a lien thereon for the money advanced. It was not necessary, therefore, for the court to, and it did not, there decide whether the bank owned the paper deposited, or merely had a lien on it.

Affirmed.