CAPITAL NAT. BANK OF JACKSON *v.* PEOPLE'S BANK & TRUST CO. OF NORTH CARROLLTON.

(Division B. May 22, 1933.)

[148 So. 386. No. 30641.]

**V. D. Rowe,** of Winona, for appellant.

Alexander, Alexander & Satterfield, of Jackson, for appellant.

F. R. Morgan, of Morgan City, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Capital National Bank brought suit against the People's Bank & Trust Company of North Carrollton, upon an instrument reading as follows:
"Payment stopped
   "Carroll County Bank 85—537
   "Carrollton, Miss., Dec. 4th, 1930
"Pay to the order of Arthur R. Vail, Financial Agent $100.00, with exchange. Value received and charge the same to account of Peoples Bank & Trust Co.
"North Carrollton, Miss.
                         "G. T. Lee, President."
The indorsements on the draft were as follows: "For deposit and collection, A. R. Vail, Financial Agent. For deposit with Capital National Bank, Jackson, Mississippi, for account of Arthur R. Vail, Financial Agent. Pay to

the order of any bank, banker or trust company (all prior indorsements guaranteed). Dec. 5, 1930. Jackson, Mississippi. Capital National Bank, 85, 27, Jackson, Mississippi.''

It appears from the evidence that Arthur R. Vail carried an account with the Capital National Bank in his name as financial agent, from November 10, 1930, until about December 29, 1930. He deposited this check with the Capital National Bank and it was placed to his account therein, and the amount thereof was drawn out between the date of deposit and the date of the ''stop payment'' by the People's Bank & Trust Company. He had deposited various other checks in the Capital National Bank and had drawn against them in the same way. When the check or draft in question was returned to the Capital National Bank unpaid, it (said Capital National Bank) sent one of its employees to look up Vail; but he had left the hotel where he had been staying, and could not be found, and never was located by said agent, but said bank was informed that he was between Jackson, Mississippi, and Montgomery, Alabama, and was later heard of in other states. The Capital National Bank was never able to get in touch with him, and consequently it sued the People's Bank & Trust Company upon this instrument, and it defended upon the ground that the instrument was a draft and had never been accepted by the People's Bank & Trust Company. When the instrument was offered in evidence, the trial judge excluded it or refused to permit it to be introduced; but permitted the appellant, the Capital National Bank, to prove facts in connection with the whole transaction for the purpose of the record, and at the conclusion of the making of the record by the appellant, judgment was entered against the Capital National Bank in favor of the People's Bank & Trust Company, from which judgment the appellant has prosecuted this appeal.

The appellant relies upon the case of Anderson v. Bank of Tupelo, 135 Miss. 351, 100 So. 179, and contends that the instrument is, in legal effect, a cashier's check, or check of the bank. In the case of Anderson v. Bank of Tupelo, supra, the instrument involved reads as follows:

"85—127. The Bank of Tupelo.

"Tupelo, Miss., Dec. 20, 1922.

"At sight pay to the order of the Bank of Tupelo $500.00, five hundred and no/100 dollars, with exchange. W. M. B. Cox, Pres.

"To People's Bank, Baldwyn, Miss."

—and as a matter of fact, Cox was the president of that bank. It seems to us that this case is decisive of the issues here involved, as Lee was, in fact, the president of the People's Bank & Trust Company, and we see no difference in the two instruments.

It is argued also by appellee (People's Bank & Trust Company) that the Capital National Bank was not a purchaser for value, without notice, before maturity, etc. It is shown that the check was credited to Vail, as financial agent, and the amount of the deposit so made was checked out by Vail giving the proper checks thereon, and that although Vail had deposited other checks, and had drawn out the amount thereof subsequent to the deposit of this particular check, or draft, the rule prevails in this state that the first money in is the first money out, and the application of this rule to this case shows that there can be no question that Vail had checked out the funds represented by the check deposited to his account. Branham v. Drew Gro. Co., 145 Miss. 627, 111 So. 155.

In the case of Bank of Gulfport v. Smith, 132 Miss. 63, 95 So. 785, it was held that the payment of money to a depositor prior to a check being dishonored, constitutes the bank a purchaser for value.

We are therefore of the opinion that the court below

was in error, and that it should have admitted the check in evidence, and should have rendered a judgment for the appellant.

As the evidence was put into the record, and is now before us, we must reverse the judgment of the court below and render a judgment for the appellant.

Reversed, and judgment for the appellant.