JENSEN et al, Appellants, v. FIRST NATIONAL BANK OF WHITE, Respondent.

(213 N. W. 854.) .

(File No. 5944.   Opinion filed May 9, 1927.)

1. **Banks and Banking—Evidence Held to Show Relationship of Principal and Agent Between Plaintiff and Bank Receiving Check for Collection.**

    In action against bank to recover amount of check deposited but not collected because of failure of payer bank, evidence held to show, as matter of law, that relation of principal and agent arose between depositor and bank rather than debtor and creditor relationship.

2. **Banks and Banking—Depositing Check Indorsed in Blank and Giving Credit Therefor Held Not to Create Relationship of "Debtor and Creditor."**

    That indorsement on check placed in bank for collection was unrestricted, and that depositor was credited with amount "subject to collection," held not to create relationship of debtor and creditor between parties; agreement of parties being determining factor.

3. **Banks and Banking—Forwarding Bank, Using Due Care in Collecting Deposited Check, Held Not Liable for Negligence of Subagents.**

    Where bank, an agent for collecting deposited check, used due care in selecting subagent and in transmitting check to it, bank was not liable to depositor for acts or omissions of further subagents.

4. **Banks and Banking—Bank in Collecting Check Held Not Negligent Because Transmitting Check Through Nearest Correspondent (Laws 1919, c. 117).**

    Although bank, agent for collection, might have forwarded check directly to payer bank, under Laws 1919, c. 117, it was

not obliged to do so, but might transmit check through its nearest correspondent.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Banks and banking, Key-No. 175(3), 7 C. J. Secs. 245 (Anno.), 248, 295; **(2)** Banks and banking, Key-No. 156, 7 C. J. Secs. 245 (Anno.), 248, 295; **(3)** and **(4)** Banks and banking, Key-No. 171(6), 7 C. J. Sec. 263.

As to relation between bank and depositor of check for collection, see annotation in 7 L. R. A. (N. S.) 694; 3 R. C. L. 524; 1 R. C. L. Supp. 842; 4 R. C. L. Supp. 191.

On liability of bank to obligor of paper for negligence in making collection, see annotation in 52 L. R. A. (N. S.) 609, 625; 4 A. L. R. 521; 3 R. C. L. 622; 1 R. C. L. Supp. 865, 866.

Appeal from Circuit Court, Brookings County; Hon. W. W. KNIGHT, Judge.

Action by Christ Jensen and others, copartners as Jensen Bros., against the First National Bank of White, S. D. From a judgment for defendant and from an order denying new trial, plaintiffs appeal. Affirmed.

*Hall & Purdy,* of Brookings, for Appellants.

*Cheever & Cheever* and *P. H. Collins,* all of Brookings, for Respondent.

GATES, J. On Saturday, February 2, 1924, after banking hours, customers of defendant, deposited in defendant bank a check for $402.78, indorsed by them in blank, drawn to their order upon the Farmers' & Merchants' State Bank of Bushnell, S. D. The transaction was between Jens Jensen, one of the plaintiffs, and Mr. Holden, president of defendant. Plaintiffs were given a duplicate deposit slip, which recited, "deposited subject to collection." On Monday, February 4, this check, with other collection items, was sent to the First National Bank of Pipestone, Minn., leaving White by the first train on Tuesday, February 5. The latter bank was a regular correspondent of defendant and a bank of good standing and repute. The Pipestone bank forwarded the check to a bank in Sioux City, Iowa, which in turn forwarded it to the Federal Reserve Bank of Minneapolis. The latter sent the check directly to the payer bank, which on February 9 charged the check to the account of the drawer and issued its draft on the Bank of Brookings and sent same to the Federal Reserve Bank. The Bank

of Brookings suspended on February 9, and the Bushnell bank suspended on February 12, so that the proceeds of the collection were never realized and defendant bank charged plaintiffs' account with the amount of the check.

This action was begun to recover the amount of the check from defendant bank. At the conclusion of the trial the court directed a verdict for defendant. From the judgment entered thereon and from an order denying new trial plaintiffs appeal.

It is first contended by plaintiffs that there was sufficient evidence to require submission to the jury the question whether defendant took the check from plaintiffs for collection, and thereby the relation of principal and agent arose, or whether the check was received as a general deposit and thereby the relation of debtor and creditor arose between the bank and plaintiffs. Among the points urged in support of the debtor and creditor relationship are that plaintiffs' indorsement of the check was unrestricted and that defendant did place the amount of the check to plaintiffs' credit. But those facts are not determinative of the relationship. The agreement of the parties is the determining factor. In Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W. 686, this court quoted with approval the following from a Minnesota opinion:

"The general rule is that upon a deposit being made by a customer in a bank, in the ordinary course of business, of money, drafts or other negotiable paper, received and credited as money, the title of the money, drafts or other paper immediately becomes the property of the bank, which becomes debtor to the depositor for the amount; and, if no other facts appeared than these, they would be held to conclusively show that such was the intention. But the question is one of the agreement of the parties, and neither the fact that the indorsement of the paper by the customer was unrestricted, nor that he was, before collection, credited with the amount on his account, with the privilege of drawing against it, is conclusive on the question of the ownership of the paper. It was in fact delivered to the bank for collection, or for collection and credit, and a credit to the customer before collection will be deemed merely provisional, which the bank may cancel if the paper is not paid by the maker or drawer."

It is further urged that plaintiff Jens Jensen did not read the

notation on the duplicate deposit slip, "deposited subject to collection," and claimed not to know of it, and that according to his testimony nothing was said about taking the paper for collection. If more were needed than the notation on the deposit slip it is found in the testimony of Jens Jensen, viz:

"When I left the check there I left it with Mr. Holden; I understood it was for collection."

It therefore clearly appeared that the relation of principal and agent arose between plaintiffs and defendant by reason of the deposit and there was no question for the jury in that respect.

It is next contended that there was a question for the jury as to the liability of defendant for negligent delay in the presentation of the check.

There are two contradictory rules in this country in respect to checks taken for collection and forwarded to other banks. One is called the New York rule, followed by the federal courts and a minority of the state courts. Under that rule, as applied to this case if the Federal Reserve Bank was negligent in the presentation or collection of the check then this defendant would have been liable for such negligence of the Federal Reserve Bank. Magee on Banks and Banking, 499, 525, 543; City of Douglas v. Federal Reserve Bank, 271 U. S. 489, 70 L. ed. 1051, 46 Sup. Ct. 554. The other rule, called the Massachusetts rule, is thus described in Federal Reserve Bank v. Malloy, 264 U. S. 160, 68 L. ed. 617, 44 Sup. Ct. 296:

"On the other hand an equal, if not a greater, number of states following the 'Massachusetts rule' have held exactly the contrary, viz: that the initial bank by the mere fact of deposit for collection is authorized to employ subagents who thereupon become the agents of the owner and directly responsible to him for their defaults."

Of the Massachusetts rule the author of Paton's Digest at section 1471a also says:

"The 'due care' rule is, therefore, now well established as the majority rule by the courts and the legislatures, while the minority hold to the rule that the collecting bank is liable for correspondents' defaults."

This court, in Fanset v. Garden City Bank, supra, aligned itself with the Massachusetts rule in the following language:

"Where paper is delivered to a bank, or other agent, for personal collection, where it is presumed that the bank or other agent, will personally make the collection, as where the paper is made payable at the same bank or in the vicinity, or where the bank sends the paper to the bank against which it is drawn, in all such or similar cases, it is generally held that the agent is liable for the acts or omissions of the subagent; but when, from the very necessities of the case, the agent employed to collect cannot personally make the collection of paper in a far distant locality, and the principal knows it is to be sent to such far distant locality, through the ordinary and customary channels to subagents, as in the case at bar, then, in the absence of fraud, or negligence on the part of the agent, it seems to be generally held, by all courts of last resort and text-writers, that the agent is relieved of liability, and that the principal must look to the subagent, whom he has expressly or impliedly authorized to act for him; but, in all cases where there is no express or implied authorization of the subagent, the agent himself is held to be liable."

But counsel for plaintiffs assert that this collection was not to be made at a "far distant locality" and that the "necessities of the case" did not sanction the roundabout route which was taken for the collection of this check and that Bushnell being "in the same vicinity" as White the defendant should have made the collection itself or sent it to the payer for collection.

It appears that White and Bushnell are both towns of Brookings County of which the city of Brookings is the county seat; that White is eight miles farther from Bookings than Bushnell; that railway trains from White to Brookings pass through Bushnell; that the First National Bank of Brookings had been defendant's correspondent until February 1, at which time it closed its doors, and that but for that fact this check would have been transmitted to said First National Bank of Brookings for collection; that the First National Bank of Pipestone, Minn., was defendant's nearest correspondent at the time this check was received for collection, and that there was only the one bank at Bushnell. By reason of the following provision of Chap. 117, Laws 1919, defendant might have forwarded the check directly to the payer bank at Bushnell, viz:

"and such method of forwarding direct to the payer, shall be deemed due diligence, and the failure of such payer bank, because of its insolvency or other default, to account for the proceeds thereof, shall not render the forwarding bank liable therefor, provided, however, such forwarding bank shall have used due diligence in other respects in connection with the collection of such instrument."

But defendant was under no obligation to send the check directly to the payer bank and there was a very good reason for not doing so, and that is that Jens Jensen at the time of making the deposit told Mr. Holden that he was informed by the drawer of the check that the Bushnell bank was only paying ten dollars a day on a check. The words "far distant locality" and "in the same vicinity" used in the Fanset case must be held to have been used in view of the particular facts of that case. That case related to a transaction had in Garden City, Clark County, S. D., concerning a check drawn upon a bank in Minot, N. D. In the absence of a special agreement between defendant and plaintiffs there was no obligation on defendant to send its collector to Bushnell to endeavor to make the collection. It was within the usual course of business for defendant to send the check to its nearest correspondent, which in this case was the Pipestone bank. Morse on Banks and Banking, 5th ed., §§ 235, 236. It was not negligent in selecting the Pipestone bank as agent for collection and it was not negligent in point of time in forwarding the check to that bank. Therefore when defendant used due care in selecting, and transmitting the check to, the Pipestone bank its responsibility to plaintiffs ended and it was not responsible for the acts or omissions of further subagents.

Therefore there was no question for the jury to pass upon, and the trial court did not err in directing the verdict.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and SHERWOOD, J., concur.

POLLEY and BURCH, JJ., not sitting.