GAMBLE et al, Appellants, v. SIOUX FALLS NATIONAL BANK et al, Defendants.

(213 N. W. 857.)

(File No. 6021.    Opinion filed May 9, 1927.)

1. **Banks and Banking—Relation of Agency Arose Between Bank and Depositor, in View of Notation on Deposit Slip Evidencing Transaction.**

   By virtue of notation on deposit slip that all items payable outside city shall be forwarded by bank as agent and at depositor's risk, the relation of agent and principal arose between bank and depositor of checks for collection, where deposit was evidenced by such deposit slip.

2. **Banks and Banking—Whether Bank Collecting Depositor's Checks Knew that Relationship of Principal and Agent Existed Between Depositor and Forwarding Bank Held for Jury.**

   In action by owner of checks to recover proceeds thereof against bank, subagent for collection, evidence of defendant's knowledge that relation of principal and agent existed between plaintiffs and forwarding bank held sufficient to go to jury.

3. **Banks and Banking—Subagent Bank Held Liable to Owners for Collected Proceeds of Checks, Although Without Knowledge of Agency Between Plaintiffs and Forwarding Bank.**

   Where checks were deposited in bank for collection and indorsed in blank, bank to which they were forwarded for collection became subagent of owners and was liable to owners for proceeds thereof, although collecting bank did not know relationship of principal and agent existed between plaintiffs and forwarding bank.

4. **Banks and Banking—Evidence Held to Show Collecting Bank Was Not Prejudiced by Making Cash Deposit in Forwarding Bank Authorizing Retention of Proceeds of Collected Checks on Failure of Forwarding Bank.**

   In action by owner of checks deposited for collection against collecting subagent for proceeds thereof, evidence held to show that defendant was not prejudiced by having made cash deposit in forwarding bank in anticipation of necessity for greater cash balance there authorizing it to retain proceeds of collected checks on failure of forwarding bank.

5. **Banks and Banking—Collecting Bank, Having Proceeds from Collected Checks, Held Liable to Owners Although Insolvent Forwarding Bank Had Been Paid.**

   Where bank, subagent for collection of forwarded checks, had on hand actual proceeds of collection, it was liable in that amount to the owners of checks, although it had sent its check

for the amount to insolvent forwarding bank and such check had been paid from its funds on deposit in forwarding bank.

Note.—See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 156, 7 C. J. Sec. 295; (2) Banks and banking, Key-No. 175(4), 7 C. J. Secs. 268, 296; (3) Banks and banking, Key-No. 165, 7 C. J. Secs. 268, 296; (4) Banks and banking, Key-No. 175(3), 7 C. J. Sec. 295; (5) Banks and banking, Key-No. 167, 7 C. J. Sec. 282.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Hugh S. Gamble and another against the Sioux Falls National Bank and another. From a judgment for defendant First National Bank of Canton and from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appeal. Judgment and order vacated and cause remanded, with directions.

*M. G. Luddy,* of Sioux Falls, for Appellants.

*Claude A. Bennett,* of Canton, and *Bielski, Elliott & Marker,* of Sioux Falls, for Respondent.

GATES, J. This is an appeal by plaintiffs from a judgment and from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial. The judgment was entered pursuant to a verdict for defendant directed by the trial court.

On January 9, 1924, plaintiffs deposited in the Sioux Falls National Bank three checks aggregating $3,452.61, and said amount was credited to their account in the bank. Two of the checks, one in the sum of $1.692.79, the other in the sum of $67.03, were drawn on the Farmers' State Bank of Canton, S. D. The other check in the sum of $1,692.79 was drawn on the Lincoln County Bank of Canton, S. D. The checks were payable to and indorsed in blank by Gamble & Luddy. The deposit slip evidencing the deposit in the Sioux Falls National Bank contained this language:

"The depositor using this ticket hereby agrees that all items payable outside of Sioux Falls shall be forwarded by this bank as agent for the depositor at the depositor's risk; that this bank shall not be responsible for negligence, default, or failure of sub-

agents, nor for loss in the mails; that this bank shall have the right to charge back to the depositor's account any items for which actual payment is not received."

These checks were on said date, with other items aggregating $4,002.70, sent by mail to the First National Bank of Canton, S. D., hereinafter called defendant, for collection and return. Defendant received them on the morning of January 10. The Sioux Falls National Bank was a correspondent bank of defendant, and for some time defendant had kept a deposit there. That afternoon defendant collected from the Farmers' State Bank the amount of the checks drawn upon that bank, receiving therefor a draft drawn by the Farmers' State Bank upon the Sioux Falls Trust & Savings Bank in the sum of $2,001.28, which, it will be noticed, was a sum in excess of the amount of the above described two checks drawn on that bank. That afternoon it also collected from the Lincoln County Bank the amount of the check drawn upon that bank, receiving therefor a draft drawn upon the Security National Bank of Sioux Falls.

That afternoon defendant mailed to the Sioux Falls National Bank its check drawn on that bank in the sum of $4,002.70 in payment of said items of collection. That afternoon it also mailed to the Sioux Falls National Bank for collection and credit to its account checks and drafts amounting to $5,003.10, among which were the drafts received by defendant from the other two Canton banks as above set forth.

The Sioux Falls National Bank suspended by action of its directors that night and did not open its doors the next morning and has since been under charge of a federal receiver. Neither the above deposit of $5,003.10 nor the above check for $4,002.70 reached the Sioux Falls National Bank while it was a going concern. The deposit was returned to defendant, and it shortly afterwards collected the drafts drawn on the Sioux Falls Trust & Savings Bank and Security National Bank above described. On January 18, 1924, defendant's credit account in the Sioux Falls National Bank was reduced in the sum of $4,002.70; that is to say, the check drawn by defendant in payment of collections, including plaintiffs' checks, was paid. Therefore, upon the facts so far detailed, the defendant has on hand the aggregate amount of plaintiffs' checks. Defendant claims the right to retain that money

because at about 1 o'clock p. m. on January 10 it made a cash deposit of $5,300 in the Sioux Falls National Bank and is still a creditor of that bank in excess of that sum.

[1]   Defendant's claim rests primarily upon the doctrine that by reason of plaintiffs' unrestricted indorsement the relation of creditor and debtor arose between plaintiffs and the Sioux Falls National Bank, and that said bank became the owner of plaintiffs' checks and therefore that defendant has the right to offset the proceeds of plaintiffs' checks against the amount of its deposit in the Sioux Falls National Bank.   But the contention that the Sioux Falls National Bank became the owner of the checks and that the relation of debtor and creditor arose between it and the plaintiffs is unsound and is so recognized by those jurisdictions that follow the "Massachusetts rule."   The decisions of the federal courts and of those jurisdictions that follow the "New York" rule are not applicable here.   By reason of the above notation upon the deposit slip the relation of agent and principal arose between it and the plaintiffs.   Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W. 686; Jensen v. First National Bank, 51 S. D. —, 213 N. W. 854.   Indeed the trial court in directing verdict for defendant recognized this doctrine; it said to the jury:

"The court is of the opinion that the relation of principal and agent existed between the firm of Gamble & Luddy and the Sioux Falls National Bank when they deposited these checks in the bank, and that that bank was acting as their agent in the collection of these checks.   There is, however, no evidence to show that the First National Bank of Canton had any knowledge of this agency when this cash letter was received, or from the endorsement on the checks."

[2, 3]   It will thus be seen that the theory upon which the verdict was directed was that the defendant should have had knowledge that the relation of principal and agent existed between plaintiffs and the Sioux Falls National Bank.   Even on that theory the trial court erred in directing a verdict, because there was evidence sufficient to require that question to go to the jury.   The very deposit slip upon which defendant deposited the $5,300 cash during the noon hour of January 10 contained the same notation above set forth and there was further evidence along the same line.   But the theory of the trial court was wrong.   Knowledge or

lack of knowledge on the part of defendant that the relation of principal and agent existed between the plaintiffs and the Sioux Falls National Bank was immaterial. By the transaction defendant became plaintiffs' subagent, and plaintiffs had a cause of action directly against defendant. Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 69 L. ed. 617, 31 A. L. R. 1261; Paton's Digest, § 1471a; Fanset v. Garden City State Bank, supra; Jensen v. First National Bank, supra.

[4] Defendant, however, contends that even so it should be protected in so far as it has changed its position to its prejudice, and that by making the cash deposit of $5,300 on January 10 it has done so. But even if that theory is sound, yet the evidence fails to show that it has changed its position to its prejudice, and as a matter of fact the defendant's own evidence shows that it has not. The cash deposit of $5,300 made by it in the Sioux Falls National Bank during the noon hour on January 10 was made at a time when it had not collected plaintiffs' checks. It was made on a mere surmise that it might be necessary to increase its credit account at that bank by the deposit of cash. It was evidently made upon the expectation that it would receive cash from the other Canton banks instead of checks or drafts, which it could deposit in the Sioux Falls National Bank in lieu of cash. As the proof shows, it eventuated that the cash deposit of $5,300 was unnecessary. On that afternoon after closing hours it sent for deposit checks and drafts aggregating $5,003.10, which included the very drafts it received from the other Canton banks in payment of plaintiffs' checks. So defendant was mistaken in supposing it needed to make the cash deposit. Under these circumstances we do not see how it can now claim it has changed its position to its detriment. But even if it had, yet, when its deposit account in the Sioux Falls National Bank was reduced on January 18th by the charge of the item of $4,002.70 to that account, any prejudice to it up to the amount of plaintiffs' checks was obliterated.

[5] Under the law of this state, the defendant being the subagent of plaintiffs and now having on hand the actual proceeds from the collection of plaintiffs' checks, it is in duty bound to pay said sum to plaintiffs. The trial court should have granted plaintiffs' motion for judgment notwithstanding the verdict.

The judgment and order appealed from are vacated, and the cause is remanded, with directions to enter judgment against defendant First National Bank of Canton, S. D., in favor of plaintiffs for $3,452.61, with interest from the date of demand, viz., November 20, 1924.

CAMPBELL, P. J., and SHERWOOD, J., concur.

POLLEY and BURCH, JJ., not sitting.