20100. MACON GROCERY CO. *v.* CITIZENS BANK OF FORT VALLEY.

STEPHENS, J. 1. Where checks upon other banks are deposited in a bank by a person having a general deposit against which he is allowed to draw checks, although the checks may be indorsed without restriction by the depositor, and although it may be assumed that, without more, the title to the checks passes to the bank in which they are deposited, and that, as respects them, the relation of debtor and creditor arises between the bank and the depositor (City of Douglas *v.* Federal Reserve Bank, 271 U. S. 489, 46 Sup. Ct. 554, 70 L. ed. 1051), yet where the checks are accepted by the bank only as the depositor's agent 'for the purpose of collection and deposit afterwards to the depositor's credit in the bank, although from a course of dealings between the depositor and the bank the depositor has been allowed to draw checks against his balance representing any uncollected check which had been deposited to his account, the relationship of debtor and creditor between the bank and the depositor, as respects the checks so deposited, does not arise, but there arises only the relationship of principal and agent, by which the bank is the depositor's agent only for the collection of the checks deposited in the bank, and the deposit afterwards of the proceeds collected to the depositor's account. *First National Bank* v. *McMillan,* 15 *Ga. App.* 319 (3) (83 S. E. 149).

2. Although, by the terms of the contract of agency between a depositor and the bank, the bank, upon collecting the checks so deposited, will credit the proceeds thereof to the depositor's account and thereby establish the relationship of debtor and creditor between the bank and the depositor as respects the proceeds of the checks thus collected and deposited to the depositor's account, yet since an agency may at any time be terminated and revoked by the principal before it has been fully executed, where in so doing no contractual right or vested interest of the agent arising out of the relationship is affected or impaired, and since the agency of the bank to place the proceeds derived from the collection of the checks to the depositor's credit in the bank is not encumbered with any such right or interest in the bank, the depositor may, before the checks have been collected and the proceeds derived

therefrom placed to the depositor's credit in the bank, by notice to the bank, revoke the bank's agency to deposit the proceeds of the checks to the depositor's credit after they have been collected. Civil Code (1910), § 3575; *Phillips* v. *Howell*, 60 *Ga.* 411; 1 Am. & Eng. Enc. Law (2d ed.) 1217. A notice by the depositor given to the bank before it has collected the checks which have been deposited with it as agent to collect, etc., notifying the bank that the proceeds of the checks after being collected are not to be deposited to the depositor's credit but are to be remitted by the bank to the depositor, is notice to the bank, before its execution of the powers of the agency, of a revocation by the depositor of the bank's agency to place the proceeds derived from the collection of the checks to the depositor's credit in the bank. Where the bank afterwards collects the proceeds of the checks, and contrary to the depositor's instructions deposits them to the depositor's credit in the bank, the relation of debtor and creditor between the bank and the depositor, as respects these proceeds, does not arise, but they constitute unremitted collections held by the bank as the depositor's agent; and by virtue of section 34, article 19, of the banking act of 1919, as amended, the depositor has, upon the assets of the bank in the custody of the superintendent of banks who has taken them over for liquidation, a special lien for the collection of the amount of the collected proceeds of the check. Anything in *Ober & Sons Co.* v. *Cochran*, 118 *Ga.* 396 (45 S. E. 382, 98 Am. St. R. 118), *Citizens National Bank* v. *Haynes*, 144 *Ga.* 490 (87 S. E. 399), and *United States National Bank* v. *Glanton*, 146 *Ga.* 786 (92 S. E. 625, L. R. A. 1917F 600), to the contrary is superseded by this provision of the banking act which was subsequently passed.

3. A provision upon the deposit slips furnished by the bank to depositors, and upon which were made the entries of deposits of the checks, to the effect that "in receiving items for deposit or collection this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care, all items are credited subject to final payment in cash or solvent credits," and the bank "may charge back any item at any time before final payment," constitutes notice to the depositor making the deposit entries upon these slips that the bank, in accepting the checks for deposit, does so only as the depositor's agent to collect the proceeds of the checks and to deposit them to the depositor's credit, and no contract creating the relationship of debtor and creditor arises between the parties, but there is created a contract by which the bank, in accepting the checks, does so as the agent of the depositor to collect the proceeds of the checks and afterwards to deposit them to the depositor's credit in the bank. *Hogansville Banking Co.* v. *Wilkinson*, 171 *Ga.* 165 (154 S. E. 789).

4. In a suit by the depositor against the superintendent of banks to recover the amount of the proceeds of the checks, which checks the depositor had deposited in the bank prior to the bank's suspending operation, and the proceeds of which were afterwards collected and after the depositor's notice terminating the bank's agency to deposit the proceeds to the depositor's credit, where the uncontradicted evidence was as above indicated, the evidence demanded the finding as a matter of law that

the plaintiff had a lien upon the assets of the bank superior to that of the creditors of the bank for the collection of the proceeds of the checks collected by the bank. A verdict and judgment for the plaintiff was demanded as a matter of law; and the court, when passing upon the questions both of law and fact, erred in finding for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 20, 1930. REHEARING DENIED OCTOBER 4, 1930.

*W. H. Harris,* for plaintiff. *Park & Strozier,* for defendant.