RUDEN, Superintendent of Banks, Appellant, v. AGRICUL-
TURAL FINANCE CORPORATION (Voegele,
Intervenor), Respondent.

(244 N. W. 919.)

(File No. 7362.  Opinion filed November 1, 1932.)

*F. E. Snider,* of Faulkton, for Appellant.

*Tait & Morgan,* of Gettysburg, for Intervener and Respondent.

ROBERTS, J. On November 17, 1930, intervener, B. A. Voegele, presented to the First State Bank of Onaka, S. D., a check for $458.83 indorsed by him in blank which was drawn to his order upon the First National Bank of Watertown, S. D., by the defendant, Agricultural Finance Corporation, and received a deposit slip upon which was printed: "All items on other banks are received for collection only. If you are given immediate credit, you should remember that it is subject to final payment. This bank will use due diligence in its endeavor to select responsible agents but will not be liable for their failure or negligence or for loss of items in the mail." The intervener at the time of the deposit of the check stated to the assistant cashier of the bank that he wanted $250 in cash and to pay a note which was held by the bank. The assistant cashier stated that the intervener could not draw against the account until the bank had actually received money on the check, but that he could draw checks and leave them with the bank with the understanding that they would be paid when the item cleared. He left with the bank officer one check for $240, and another check, payable to the bank for $78.

The check in controversy with other items aggregating $755.63 was sent by the depositary bank in the usual course of business to its correspondent, the Merchants' Bank of Faulkton, S. D. It had been the custom of the Onaka bank to clear checks through the Merchants' Bank of Faulkton, and for several years it had maintained a deposit account with the latter bank. The items were accompanied by a printed form of letter of remittance stating that the items listed were forwarded for collection and credit. In ac-

knowledging the receipt of the items, the Merchants' Bank of Faulkton used a printed form of acknowledgment which contained the following recital: "This bank in receiving collections acts only as your agent and does not assume responsibility beyond due diligence on its part, the same as on its own paper." The Onaka bank was credited with the amount of the checks, and on the same day checks of the Onaka bank against the account were honored which entirely exhausted the amount credited to the account. The First State Bank of Onaka by reason of insolvency was closed on November 20, 1930, and at the request of the intervener the maker of the check countermanded payment.

This action was instituted by the Merchants' Bank of Faulkton against the drawer of the check, and the payee was permitted to intervene. The drawer of the check admitted liability, and pursuant to stipulation of the parties paid the amount of the check to the clerk of courts subject to the further order of the court. The trial court made findings in favor of intervener, and judgment was entered accordingly. The plaintiff appealed from such judgment and order denying motion for new trial. Since the perfecting of the appeal the plaintiff bank suspended business, and upon stipulation E. A. Ruden as superintendent of banks in charge of the Merchants' Bank of Faulkton, S. D., was substituted as party plaintiff.

The plaintiff challenges the finding of the court to the effect that the intervener deposited the check in the First State Bank of Onaka for collection and also the finding that the check in question was received by the Merchants' Bank of Faulkton for collection and with notice that the Onaka bank had no title thereto.

██ ██ It is well settled that a bank does not take title, but merely acts as agent, where commercial paper is deposited in a bank for collection. Title in a check or other commercial paper deposited for collection remains in the depositor, and the relation arising from the transaction is not that of debtor and creditor, but of principal and agent. The question as to the passing of title to a check upon a transfer thereof by which it is credited to the depositor's account in fundamentally one of intention to be determined from the facts and circumstances attending the transaction. This court has held that where a check drawn on one bank is deposited

in another and the depositor is given a deposit slip reciting that it is accepted subject to collection, the relation of principal and agent arises between the bank and the depositor, and title does not pass to the bank although the depositor's indorsement on the check is unrestricted and the amount of the check is placed to the depositor's credit. Jensen v. First National Bank, 51 S. D. 325, 213 N. W. 854; Gamble et al v. Sioux Falls National Bank et al, 51 S. D. 331, 213 N. W. 857. See, also Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W. 686.

■ Conceding, but not so deciding, that the Onaka bank was the agent of the intervener in accepting this check, the question which must still be met is whether title thereto passed to the Merchants' Bank of Faulkton. Since the check was unrestrictively endorsed by both the intervener and the Onaka bank, the relation of principal and agent between them did not of itself preclude the transfer by such agent to its correspondent of a title superior to that which the agent possessed; although the depositary bank had no authority to transfer the check, except for the purpose of collection, yet, if the check was transferred in due course by the Onaka Bank to its correspondent, there passed to the correspondent bank as indorsee a title which the intervener could not defeat. Blacher v. National Bank, 151 Md. 514, 135 A. 383, 49 A. L. R. 1366; Bank of California National Association v. Young, 123 Or. 95, 260 P. 227.

■ ■ We have carefully searched the record, and find no evidence in support of the finding of the trial court that the Merchants' Bank of Faulkton had notice that the Onaka bank had accepted the check from the intervener for collection. It does not appear from the evidence that the Merchants' Bank of Faulkton had knowledge of the relation which the Onaka bank bore to the check other than that disclosed by the indorsement of the bank and the letter of transmittal, and had knowledge, if such was the fact, that the check was the propery of the intervener and had only been placed in the possession of the Onaka bank for collection. The indorsement of the intervener evidenced prima facie his intention to transfer title to the check. It transferred title presumably to any one who might become the holder of the check. The fact that the Onaka bank transmitted the item for collection and credit

did not overcome such assumption or have a tendency to indicate that the Onaka bank held the check merely as agent for intervener. Garrison v. Union Trust Co., 139 Mich. 392, 102 N. W. 978, 70 L. R. A. 615, 111 Am. St. Rep. 407, 5 Ann. Cas. 813.

■ It is urged, however, by the respondent that knowledge on the part of the Merchants' Bank of Faulkton that the relation of principal and agent existed between the intervener and the depositary bank is immaterial. This we would concede if no credit had been given to the transmitting bank; under such circumstances, though the collecting bank had not notice that the transmitting bank was merely an agent but regarded it as the owner of the check transmitted, it would not be entitled to retain the same as against the real owner. Relying upon the rule that a depository bank by the mere fact of deposit for collection has authority to employ sub-agents who thereupon become the agents of the depositor, intervener contends that the Merchants' Bank of Faulkton could not acquire title to the check or become a holder in due course, and cites in support of his position the case of Gamble v. Sioux Falls National Bank, supra. In that case where checks unrestrictively indorsed by the payees were deposited in a bank for collection and by that bank forwarded to another bank for collection, this court held that by the transaction the collecting bank became a subagent and that the payees had a cause of action directly against such bank for the amounts collected upon the checks irrespective of whether or not the collecting bank had notice of the relation of principal and agent between the plaintiffs and the depositary bank. There is language in the Gamble Case tending to support respondent's contention, but the facts in that case are distinguishable. The collecting bank had on hand the actual proceeds from the collection of plaintiffs' checks and had not parted with value. The author of Morris on Banking (6th Ed.) § 591, discussing the question of the right of the correspondent bank as against the real owner to hold such paper sent to it for collection or the proceeds thereof, says: "When the last bank has successfully effected the collection, it is directly liable to the owner to pay the money over to him only until such time as it has actually remitted the amount to its predecessor. But some nice questions have arisen where such predecessor, intervening between the real owner of the paper and the bank actually

receiving the money, becomes insolvent before the receiving bank has actually paid over the amount to this predecessor. The general rule of law is, that if a person employs an agent to collect money under such circumstances that the agent naturally employs a subagent to accomplish the actual collection, then the principal will be entitled to sue the subagent, and collect the money directly from him without regard to the relationship or condition of accounts existing between such agent and subagent, and although the subagent had no knowledge that his employer was an agent, and not a principal. But if the owner has delivered the paper to the agent with no indicia whatsoever to show that such agent is not the owner, and the subagent receives it from the agent, supposing him to be the owner, and gives him credit upon the strength thereof, then the principal cannot recover from the subagent."

The Merchants' Bank of Faulkton had been the correspondent of the Onaka bank for more than five years. Items forwarded for collection were credited to the deposit account of the Onaka bank, and it was not the practice to remit for collection but to make entries of collections and withdrawals in such account. When checks were not paid by the banks upon which they were drawn, it was the practice of such collecting bank to send a statement thereof to the Onaka bank and the latter would forward a check upon its own account for dishonored checks. The Onaka bank in the usual course of business was given credit for the amount of the check in question, and on the same day the entire amount to the credit of the deposit account was checked out. The mere crediting of the check transmitted for collection as cash did not of itself transfer title to the bank. While there is not entire uniformity of opinion, the weight of authority supports the view that where the collecting bank is not the owner of commercial paper remitted, and advances in the usual course of business are made on the paper by the second bank to the first, a transfer of title is effected and the collecting bank is entitled to retain the paper. 7 C.J. 608, 609; Bank of Metropolis v. New England Bank, 6 How. 212, 12 L. Ed. 409; Am. Ex. Nat. Bk. v. Theummler, 195 Ill. 90, 62 N. E. 932, 58 L. R. A. 51, 88 Am. St. Rep. 177; Cairo Nat. Bk. v. Blanton Co. (Mo. App.) 287 S. W. 839; Winfield Nat. Bk. v. McWilliams, 9 Okl. 493, 60 P. 229; Carroll v. Ex. Bk., 30 W. Va. 518, 4 S. E. 440, 8 Am. St. Rep. 101; Bromfield v. Cochran, 86

Colo. 486, 283 P. 45, 68 A. L. R. 722; Manufacturers' Nat. Bk. v. Continental Bk., 148 Mass. 553, 20 N. E. 193, 2 L. R. A. 699, 12 Am. St. Rep. 598. See, also, annotations, 49 A. L. R. 1373 and 58 A. L. R. 259.

We conclude that the Merchants' Bank of Faulkton became a holder for value and that title to the check was acquired by it under the evidence. The payee of a check can protect his rights by a restrictive indorsement. If he neglects to protect his own interest and enables an agent for collection to pass title thereto in due course, in the event of the insolvency of the collecting agent, the payee by whose acts the transfer of title was made possible must bear the loss.

The judgment and order of the trial court appealed from are reversed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.