*116
 
 Zimmerman, J.,
 

 dissenting. Everyone agrees that if the relationship between defendant in error and The Standard Trust Bank with reference to the checks deposited by the former on December 19, 1931, was that of principal and agent, defendant in error is entitled to the priority claimed, but if the relationship was that of creditor and debtor, he is not. The lower courts determined from the evidence that the status of principal and agent was established. I think they were right. Any other conclusion requires the, indulgence of assumptions which the evidence will not support.
 

 It appears from the record that defendant in error was a customer of The Standard Trust Bank of Cleveland, hereafter referred to as “the bank.” On Saturday, December 19, 1931, he placed in that institution to be credited to his account seven checks aggregating the total amount of $1295.60, the largest one being for $1200 drawn on The Union Trust Company of Cleveland. The “Deposit Slip” on which they were listed, furnished by the bank, contained a significant printed statement over the space provided for check listings,' a part of which is as follows:
 

 “In receiving items for deposit or collection, this Bank acts only as depositors’ collecting agent
 
 and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits * * *; it [the bank] may charge back any item at any time before final payment * * *.” (Italics mine.)
 

 This notice on the deposit slip represents the specific conditions prescribed by the bank in relation to the deposit of these particular checks. It makes no distinction between “items” payable outside or inside the city of Cleveland and is not in conflict with the provisions in the “Deposit Book,” referred to in the majority opinion.
 

 The bank was officially closed by reason of insolvency on Monday morning, December 21, 1931, when it
 
 *117
 
 was taken over for liquidation by tbe • Superintendent of Banks of tbe state of Ohio.
 

 By stipulation of counsel it was agreed “that this cheek for $1200 * * * was paid by the Union Trust Company after the Standard Bank closed, and that the proceeds of -that cheek were actually collected by and paid to the Liquidating Agent.”
 

 While defendant in error’s “Deposit Book” together with certain record sheets from the bank containing a statement of his deposits, withdrawals and balances, covering the period from October 14, 1931, to December 19, 1931, inclusive, were introduced by plaintiff in error as exhibits in the case, an examination of them fails to show that defendant in error was ever permitted to or ever did draw against his account in excess of the cash balance on hand. In other words, no withdrawals against uncollected checks, drafts, etc., appear. There is nothing to disclose a customary course of dealing between defendant in error and the bank contrary to the quoted stipulation on the deposit slip. Because of a lack of evidence that it was disregarded, the notice on the deposit slip assumes controlling significance. It is the predominant indication of the intention of the parties, intention being the decisive criterion in any case.
 

 Particularly applicable to the present controversy is the statement in the opinion of
 
 People of the State of Illinois, ex rel. Russel,
 
 v.
 
 Michigan Ave. Trust Co.,
 
 242 Ill. App., 579, at pages 594 and 595, as follows:
 

 “Upon the general question whether the title to checks deposited by a customer of a bank to his account passes to the bank by an unrestricted indorsement of the paper deposited, the authorities are not harmonious. * # * The majority view is that where a deposit of that kind is made and immediate credit is given to the depositor, subject to the right on the part of the bank to charge back any check or draft that is not paid, the title to the paper passes to the bank, and
 
 *118
 

 the relation
 
 thereby created between the bank and the depositor is that of debtor and creditor, in the absence of any agreement to the contrary
 
 *
 
 * *. But it is contended by petitioners, and we think correctly, that where there is an agreement between the depositor and the bank, such as is indicated by the printed provision in petitioners’ pass-books, the agreement is binding on the parties to it, and as between themselves, the bank becomes merely the depositor’s agent, the title to the paper remaining in- the depositor
 
 *
 
 * *. There is no dissent from the general proposition that the question is fundamentally
 
 one
 
 of intention * * * to be determined by the facts and circumstances surrounding the deposit, and among such facts and circumstances, the authorities generally regard a printed notice in the depositor’s pass-book, or on the deposit slips, as very material, if not conclusive evidence of such intention.”
 

 On the question of intention, see
 
 In re State Bank, Insolvent,
 
 56 Minn., 119, 57 N. W., 336,
 
 45
 
 Am. St. Rep., 454;
 
 Fayette National Bank
 
 v.
 
 Summers,
 
 105 Va., 689, 54 S. E., 862, 7 L. R. A. (N. S.), 694 and note; 2 Morse on Banks & Banking (6 Ed.), 1231, Section 583; 3 Ruling Case Law, 524 and 525, Section 152.
 

 Among the many cases in point, holding that the deposit of checks or other similar instruments by a depositor in a bank, under provisions on a deposit slip or in a pass book identical with or similar to the provision contained on the deposit slip in the instant case, establishes the relationship of principal and agent, which does not become that of creditor and debtor until such bank has made collection in the usual course of business, are:
 

 American Barrel Co.
 
 v.
 
 Commissioner of Banks,
 
 — Mass., —, 195 N. E., 335;
 
 Illinois Central Rd. Co.
 
 v.
 
 Rawlings
 
 (C. C. A. 5), 66 F. (2d), 146 (Certiorari denied, 291 U. S., 668, 54 S. Ct., 452, 78 L. Ed., 1058),
 
 Macon Grocery Co.
 
 v.
 
 Citizens Bank, 42
 
 Ga. App., 74,
 
 *119
 
 155 S. E., 57;
 
 South Park Foundry & Machine Co.
 
 v.
 
 Chicago G. W. Ry. Co.,
 
 75 Minn., 186, 77 N. W., 796;
 
 Gamble
 
 v.
 
 Sioux Falls National Bank,
 
 51 S. D., 331, 213 N. W., 857;
 
 Davidow v. Bank of Detroit,
 
 254 Mich., 447, 236 N. W., 828;
 
 First National Bank v. Stengel,
 
 169 N. Y. Supp., 217 (Affirmed without report, 185 App. Div., 906, 171 N. Y. Supp., 1085, which in turn was affirmed in 227 N. Y., 659, 126 N. E., 906);
 
 Love, Supt. of Banks,
 
 v.
 
 Kraft-Phenix Cheese Corp.,
 
 162 Miss., 460, 139 So., 393;
 
 Baker-Cammack Textile Corp.
 
 v.
 
 Hood, Commissioner of Banks,
 
 206 N. C., 782, 175 S. E., 151. Compare
 
 People, ex rel. Nelson, Auditor,
 
 v.
 
 Sheridan Trust & Sav. Bank,
 
 358 Ill., 290, 300, 193 N. E., 186, 191 (Certiorari denied, 295 U. S., 740, 55 S. Ct., 654, 79 L. Ed., 1687).
 

 A contrary conclusion was reached in
 
 Andrew, Supt. of Banking,
 
 v.
 
 Security Trust & Savings Bank,
 
 214 Iowa, 1199, 243 N. W., 542, and
 
 In re Canal Bank & Trust Co.,
 
 181 La., 856, 160 So., 609, 99 A. L. R., 473. However, out of nine judges participating in the Iowa case, four dissented with an opinion to sustain their views.
 

 After an exhaustive examination of numerous authorities, I submit that if a finding of a creditor-debtor relationship were made in the present case upon authority of the last mentioned cases, the result would be opposed to the great majority of holdings.
 

 As already stated, my position herein is based upon the record before me. The members of this court can hardly be expected to take judicial notice of any relationship which may have existed between defendant in error and the bank different from that presented. Did the proof here reveal that the notice on the deposit slips designating the bank the depositor’s agent for collection had been mutually and consistently ignored; that it was the known and accepted custom of the bank to give defendant in error immediate credit as cash for any deposits of checks made by him against which
 
 *120
 
 lie could draw at will, and that he had done so, I should no doubt agree that upon the deposit of the checks in question he forthwith became a creditor of the bank, and should be treated as such. See
 
 Colorado National Bank of Denver
 
 v.
 
 Newton
 
 (C. C. A. 10), 80 F. (2d), 696;
 
 In re Kountze Bros.
 
 (C. C. A. 2), 79 F. (2d), 98;
 
 Bryant
 
 v.
 
 Williams
 
 (D. C.), 16 F. (2d), 159;
 
 Johnson
 
 v.
 
 First National Bank & Trust Co.
 
 (D. C.), 8 Fed. Supp., 788 [Affirmed, 78 F. (2d), (C. C. A. 10), 535];
 
 Old National Bank
 
 v.
 
 Gibson,
 
 105 Wash., 578, 179 P., 117, 6 A. L. R., 247;
 
 Bassett, State Bank Commissioner,
 
 v.
 
 Mechanics Bank,
 
 117 Conn., 407, 168 A., 12;
 
 Bath National Bank
 
 v.
 
 Ely N. Sonnenstrahl, Inc.,
 
 249 N. Y., 391, 164 N. E., 327.
 

 Since, upon the record, the bank was agent of defendant in error for collection of the checks, its agency terminated when it was closed because of insolvency, and when its liquidating agent collected the proceeds of the checks he did so for defendant in error, the owner thereof, who is entitled to the amount so collected as a “preference” in accordance with the prayer of his petition. See
 
 Jones
 
 v.
 
 Kilbreth,
 
 49 Ohio St., 401, 31 N. E., 346;
 
 Alleman
 
 v.
 
 Sayre, Recr.,
 
 79 W. Va., 763, 91 S. E., 805, L. R. A. 1917D, 1002;
 
 In re Jarmulowsky
 
 (C. C. A. 2), 249 F., 319, 161 C. C. A., 327, L. R. A. 1918E, 634;
 
 Salem Elevator Works, Inc.,
 
 v.
 
 Commissioner of Banks,
 
 252 Mass., 366, 148 N. E., 220;
 
 Andrew, Supt. of Banking,
 
 v.
 
 Security Trust & Savings Bank, supra
 
 (214 Iowa, 1199, 1211, 243 N. W., 542, 548).
 

 Annotations pertinent to the issues in this case will be found in 11 A. L. R., beginning at page 1043; 16 A. L. R., beginning at page 1084; 42 A. L. R., beginning at page 492; 68 A. L. R., beginning at page 725; 99 A. L. R., beginning at page 486.
 

 I cannot escape the conviction that the judgment of the Court of Appeals ought to be affirmed.